IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:26-cr-00180 |
| | ) | No. 3:26-cr-00193 |
| | ) | |
| | ) | JUDGE EVANS |
| KEDARIOUS BELL | ) | |

**UNITED STATES' MOTION FOR DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT**

COMES NOW the United States of America by Braden H. Boucek, United States Attorney, and Brian Enright, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter.

In case number 3:26-cr-00180, the Defendant is charged with a conspiracy to distribute a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. 846(a)(1), and distributing fifty grams or more of a substance containing methamphetamine on June 9, 2026, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B). He is charged with committing that same offense again on June 16, 2026. The Defendant is also charged with possessing a firearm in furtherance of the June 9 and June 16 methamphetamine sales, which constitute drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A).

In case number 3:26-cr-00193, the Defendant is charged with a conspiracy involving the transfer of thirteen firearms with knowledge or reasonable cause to believe that the firearms would be used to commit a crime under the Export Control Act of 2018, in violation of 18 U.S.C. § 924(h). The Defendant is also charged with five counts of knowingly transferring firearms with knowledge or reasonable cause to believe that the firearms would be used to commit a crime under the Export Control Reform Act of 2018, in violation of 18 U.S.C. § 924(h). The Defendant is also

charged with six counts of dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A). And the Defendant is also charged with possessing a machinegun, in violation of 18 U.S.C. § 922(o)(1).

Federal law states that "the judicial officer *shall* hold a hearing to determine whether any conditions or combination of conditions . . . will reasonably assure . . . the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(f)(1)(C) (emphasis added). Federal law also requires such a hearing if the defendant is charged with "any felony . . . that involves the possession or use of a firearm." *Id.* at 3142(f)(1)(E). The charges in this case establish that the Government is statutorily entitled to a detention hearing.

The government further submits that a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and safety of the community" exists in this case. 18 U.S.C. § 3142(e)(3)(A). That presumption is triggered "if the judicial officer finds that there is probable cause to believe that the person committed—an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)." *Id.* That presumption is also triggered "if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense under section 924(c)." *Id.* In this case, the "grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Because the defendant stands charged by indictment of violations of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 924(c)

in case number 3:26-cr-00180, there is "probable cause to believe" that the defendant committed an offense that triggers the rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A) and (B).

The United States submits that at a hearing in case number 3:26-cr-00180, it would establish the following: the Defendant, Kedarious Bell conspired with a codefendant to distribute and possessed with intent to distribute methamphetamine and distributed approximately 50 grams or more of a mixture and substance containing methamphetamine to an undercover ATF agent on June 9, 2026. In addition, the United States would establish that the Defendant possessed a Glock firearm in furtherance of that June 9, 2026 methamphetamine sale. The government would also establish that on June 16, 2026, Bell used or carried a Glock firearm and a Draco Variant AK-47 during and in relation to his sale of fifty grams or more of a substance containing methamphetamine to an undercover ATF agent.

The United States submits that at a hearing in case number **Error! Reference source not found.Error! Reference source not found.**3:26-cr-00193, it would establish the following: that the Defendant sold multiple firearms to undercover ATF agents without a license, that one of those firearms was a machinegun, and that he knew or had reasonable cause to believe those firearms were going to be used to commit a crime under the Export Control Reform Act of 2018, namely, that the firearms would be unlawfully transported into Mexico.

The United States submits that the evidence of dangerousness is strong because the alleged offenses involve the sale of controlled substance while armed with a firearm, possession of a machinegun, and the illegal sale of firearms. The Defendant poses a legitimate danger to the community if he is released. Based on these facts, the United States respectfully submits that "no

condition or combination of conditions will reasonably assure the appearance of the person and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

The United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney

By:

*/s/ Brian Enright*
BRIAN ENRIGHT
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Phone: (615) 736-5151